UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MATTHEW MOREA, a minor, by and through
REBEKKA MOREA EXUM, his guardian                                       PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:11cv414-DPJ-FKB

STAR TRANSPORTATION, LLC                                               DEFENDANT

ORDER

This car-wreck case is before the Court on Defendant's Motion for Summary Judgment [25] as to all claims, or in the alternative to Plaintiff's punitive damages claim. For the reasons discussed below, the Court finds that summary judgment is warranted with regard to Plaintiff's request for punitive damages, but Defendant's motion is otherwise denied.

I.    Facts and Procedural History

This lawsuit arises from a collision between a car driven by Whitney Exum, in which Plaintiff Matthew Morea was a passenger, and a tractor-trailer driven by Jimmie L. Jones, III and owned by Defendant Star Transportation, LLC. On the night of the wreck, Jones approached an intersection while heading east on Highway 80 in Pearl, Mississippi, and proceeded to make a U-turn. As Jones was executing this turn and partially in the west-bound lanes of the highway, Exum and Plaintiff, who were traveling west, collided with Defendant's truck.

Plaintiff filed this suit in federal court on July 8, 2011, solely against Defendant Star Transportation. Plaintiff alleges that Defendant is vicariously liable for the negligence of its driver Jones who, among other things, "negligently attempt[ed] to make a U-turn on Highway 80 at that particular location." Compl. [1] ¶ 7. In addition to seeking compensatory damages, Plaintiff also requests punitive damages on the grounds that the "actions of the defendant herein

constitutes [sic] gross negligence and willful disregard for the rights of the traveling public . . . ." *Id.* ¶ 10.  Defendant filed this Motion for Summary Judgment [25] arguing that Plaintiff cannot present any evidence that Jones committed a breach of duty, or in the alternative that Plaintiff is not entitled to recover punitive damages from Defendant on the basis of vicarious liability. Although Plaintiff responded [30, 31] and opposed the motion, Defendant has declined to file a rebuttal.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  When such contradictory facts exist, the court may "not make

credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.   Analysis

    A.   All Claims

In this diversity action, the Court applies the substantive law of Mississippi. *Ill. Cent. R.R. Co. v. Cryogenic Transp., Inc.*, 686 F.3d 314, 316 (5th Cir. 2012). "In order to prevail on a negligence claim the plaintiff must establish by a preponderance of the evidence each of the elements of negligence: duty, breach, proximate causation, and injury." *Leflore Cnty. v. Givens*, 754 So. 2d 1223, 1230 (Miss. 2000) (citing *Lovett v. Bradford*, 676 So. 2d 893, 896 (Miss. 1996)), *overruled in part on other grounds by Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815 (Miss. 2006). Here, Defendant generally asserts that Plaintiff has no evidence supporting a breach of duty, but the testimony of eye-witness Bob Mahaffey is sufficient to create a genuine dispute of material fact on that point. Pl.'s Mem. [31] at 4–5. Defendant declined to file a reply, and summary judgment is denied as to Plaintiff's negligence claim.

    B.   Punitive Damages

Under Mississippi law, "[p]unitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11-1-65(1)(a).

3

Further, "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed 'with caution and within narrow limits.'" *Warren v. Derivaux*, 996 So. 2d 729, 738 (Miss. 2008) (quoting *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So. 2d 620, 622 (Miss. 1988)). Thus, the "jury should be allowed to consider the issue of punitive damages if the trial judge determine[s] under the totality of the circumstances and in light of defendant's aggregate conduct, that a reasonable, hypothetical juror could . . . identif[y] either malice or gross disregard to the rights of others." *Causey v. Sanders*, 998 So. 2d 393, 408 (Miss. 2008) (quoting *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 442 (Miss. 1999)).

Contrary to Plaintiff's assertion, there is no reason why the Court cannot address the issue of punitive damages at the summary-judgment stage. *Williams v. N. Hill Square Apartments*, No. 3:08cv672-DPJ-JCS, 2009 WL 3805520, at *2 (S.D. Miss. Nov. 6, 2009) (citing *Bradfield v. Schwartz*, 936 So. 2d 931 (Miss. 2006)). As this Court has stated before, the Mississippi Supreme Court's decision in "*Bradfield* does not address summary judgment, and the Court does not read it as abrogating the normal function" of Rule 56(a). *Id.*; *see also Dawson v. Burnette*, 650 F. Supp. 2d 583, 585 (S.D. Miss. 2009) (citing *Barnett v. Skelton Truck Lines, Ltd.*, No. 2:05cv2047-KS-JMR, 2006 WL 2056632, at *4 (S.D. Miss. July 21, 2006)).

Here, Plaintiff alleges that Star Transportation is vicariously liable for punitive damages based on the acts of its driver. Under Mississippi's punitive damages statute, it must be shown that the "defendant *against whom* punitive damages are sought" acted with malice or gross disregard. Miss. Code Ann. § 11-1-65(1)(a) (emphasis added). It does not appear that Mississippi previously required proof that the one "against whom punitive damages are sought" acted with the requisite culpability, and an argument exists that this language foreclosed

4

vicarious liability for punitive damages.  *See Roberts v. Ecuanic Express, Inc.*, No. 2:12-CV-84-KS-MTP; 2012 WL 3052838, at *2 n.1 (S.D. Miss. July 25, 2012); *Lee v. Harold David Story, Inc.*, No. 3:09CV696TSL-MTP, 2011 WL 3047500, at *2 n.2 (S.D. Miss. July 25, 2011); *Francois v. Colonial Freight Sys., Inc.*, No. 3:06-cv-434-WHB-LRA, 2007 WL 4459073, at *4 (S.D. Miss. Dec. 14, 2007).  If these cases are correct, as they appear to be, then summary judgment of the punitive claim naturally follows.  That said, it does not appear that the Mississippi Supreme Court has clearly answered that question.[1]

Regardless, summary judgment is still proper even assuming vicarious liability.  While Plaintiff has cited cases allowing punitive damages against truckers, he fails to offer record evidence in this case that would allow a reasonable juror to conclude that Defendant's driver acted with gross negligence evidencing willful, wanton, or reckless disregard.  *See, e.g.*, *Dawson*, 650 F. Supp. 2d at 585, 587 (quoting *Walker v. Smitty's Supply, Inc.*, 5:06cv30-DCB-JMR, 2008 WL 2487793, at *6 (S.D. Miss. May 8, 2008) (noting "the Supreme Court of Mississippi has been extremely reticent to permit punitive damages in cases involving the mere commission of traffic violations" and holding that allegations that truck negligently performed a U-turn insufficient for punitive damages); *In re Guardianship of Duckett*, 991 So. 2d 1165, 1176 (Miss. 2008) ("'[S]imple negligence is not of itself evidence sufficient to support punitive damages . . . .'" (quoting *Choctaw Maid Farms v. Hailey*, 822 So. 2d 911, 924 (Miss. 2002))).  While the parties dispute whether the U-turn was negligent, there was no sign prohibiting a U-

---

[1] The parties examine *Duggins v. Guardianship of Washington ex. rel. Huntley*, a case decided before Section 11-1-65(1)(a) was enacted.  632 So. 2d 420, 430 (Miss. 1993).  Defendant relies on a prediction from the dissent that Section 11-1-65(1)(a) precludes vicarious liability for punitive damages.  Plaintiff relies on the majority holding that was not—like Plaintiff's other authority—decided under the statute.  Neither argument offers binding authority.

turn at that intersection.  Because Plaintiff fails to offer summary judgment evidence sufficient to prove punitive damages, Defendant's motion is granted.

IV.     Conclusion

The Court has fully considered all of the arguments presented in the parties' briefs. Those arguments not addressed were either unsupported in law or fact or would not change the result of this Order.  Based on the foregoing, the Court finds that Defendant's Motion for Summary Judgment [25] should be granted in part and denied in part.  Defendant is granted summary judgment on Plaintiff's request for punitive damages, but Defendant's Motion is denied in all other respects.

**SO ORDERED AND ADJUDGED** this the 29th day of October, 2012.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE